UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNE NORIEGA, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>      Defendant. | Case No.: 1:23-cv-04014 (PAE)<br><br>**CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** |

    This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into by Plaintiff Joanne Noriega and Defendant Abbott Laboratories (together, "Parties"), as well as any other persons or entities who become bound by this Order by executing **Exhibit A** hereto ("Declaration").

    **WHEREAS**, the Parties have sought or may seek certain Discovery Material (as defined below) from one another or third parties with respect to the above-captioned case ("Action");

    **WHEREAS**, the Parties enter into this Order to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in the Action pursuant to Federal Rule of Civil Procedure 26(c);

    **WHEREAS**, the Court finds there is good cause to issue an appropriately tailored protective order governing the confidentiality of certain information in the Action; and

    **NOW, THEREFORE**, to facilitate and expedite the production, exchange and treatment of Discovery Material, to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that a Party seeks to maintain as confidential, IT IS HEREBY STIPULATED, AGREED, AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED:

**Scope of Order**

1. This Order applies to all information, documents, and things exchanged in or subject to discovery that is produced by a Party or a non-Party (each, a "Producing Person"), to any other Party (each, a "Receiving Party"), in response to or in connection with any discovery requests, including deposition testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, document requests, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively, "Discovery Material").

2. This Order applies to all non-Parties that are served with subpoenas in connection with the Action or who otherwise produce documents or are noticed for depositions in connection with this Action, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon signing a Declaration and agreeing to be bound by the terms of this Order. Any Party or its counsel serving a subpoena upon a non-Party shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that such non-Party may designate documents or testimony according to the provisions herein.

**Designating Discovery Material**

3. Any Producing Person may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

   a. Confidential Material: A Party may designate Discovery Material as "Confidential" if such Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under Federal Rule 26(c), or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) a Producing Person (A) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (B) has in good faith been requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party

2

considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.

    b.    <u>Highly Confidential Material:</u> A Party may designate Discovery Material as "Highly Confidential" if such Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes Highly Confidential Discovery Material that is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 10 of this Order, such as trade secrets, sensitive financial or sensitive business information.

4.    <u>Manner Of Designating Discovery Material:</u> Where reasonably practicable, any Designated Material other than oral deposition testimony shall be designated by the Producing Person as such by marking each such page "Confidential" or "Highly Confidential" as applicable. Such markings should not obscure the content of the material that is produced. Where marking of every page of such material is not practicable, such as with certain native file documents, such material may be designated as "Confidential" or "Highly Confidential" by including such terms in the file name thereof.

5.    <u>Late Designation of Discovery Material:</u> The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not waive a Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("<u>Misdesignated Material</u>"). At such time, arrangement will be made for the destruction of the Misdesignated Material, for the return to the Producing Person of all copies of the Misdesignated Material, and/or for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Person, a Receiving Party shall verify

3

in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation.

### Use and Disclosure of Confidential or Highly Confidential Material

6. General Limitations On Use And Disclosure Of All Designated Material: All Designated Material shall be used by the Receiving Parties solely for the purposes of litigating the Action, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial or administrative purpose or function. Designated Material shall not be disclosed except in accordance with the terms of this Order.

7. Use Of Discovery Material By Producing Person: Nothing in this Order affects the right of any Producing Person to use or disclose its own Discovery Material in any way.

8. Confidential Material: Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

    a. the Parties;

    b. any non-Party who has signed a Declaration (see **Exhibit A**); and

    c. any other persons specified in Paragraph 10 below.

9. Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to or communicated only to the following:

    a. counsel for the Parties,

4

    b.    experts and consultants (and their respective staff) or other advisors that are retained by the Parties in connection with the Action;

    c.    any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

    d.    for purposes of witness preparation, and upon consent of the Producing Person (which shall not be unreasonably withheld), any deponent or witness who was noticed for a deposition, or is on a witness list for hearing or trial, in preparation for his or her noticed deposition, hearing, or trial testimony where such Highly Confidential Material is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony, and that doing so would not cause competitive harm, provided, however, that such Highly Confidential Material can only be shared with such person in connection with preparation for the anticipated testimony, and the persons identified in this paragraph shall not be permitted to retain copies of such Highly Confidential Material;

    e.    any adverse witness during the course of a deposition where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm to the Producing Person and would not cause harm to the witness or the witness' employer, for example, by revealing material non-public information to the witness;

    f.    outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Action;

    g.    court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Action;

    h.    the Court, its officers, and clerical staff involved in the Action;

    i.    any other person or entity with respect to whom the Producing Person may consent in writing.

10.    <u>Designated Material To Be Disclosed Only In Accordance With Order:</u> Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 9 of this Order. Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 8 of this Order.

11. <u>Prerequisite To Disclosure Of Designated Material:</u> Before any person or their representative identified in Paragraph 9(b), 9(d), 9(e), or 9(i) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as **Exhibit A** annexed hereto. Each such Declaration shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access.

12. <u>Sealing Of Designated Material:</u> Unless otherwise agreed by the Producing Person, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Confidential Material or Highly Confidential Material, shall be filed under seal and in accordance with Rule 4(B) of this Court's Individual Rules of Practice in Civil Cases.

13. <u>Use of Discovery Material In Open Court:</u> The limitations on disclosure in this Order shall not apply to any Discovery Material offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and where practicable at least 96 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Person.

### Depositions

14. <u>Deposition Testimony – Manner Of Designation:</u> In the case of depositions, if counsel for a Party or non-Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party or non-Party, such testimony may be designated by:

    a.    Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

    b.    Providing written notice within fourteen (14) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition thereof is so designated. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated. Until expiration of the aforesaid fourteen (14) day period, all deposition transcripts and videotapes shall be considered and treated as Confidential unless otherwise designated by counsel to any Party or non-Party on the record at the deposition.

15.    <u>Responsibilities And Obligations Of Court Reporters:</u> In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."

## General Provisions

16.    Nothing in this Order—including the fact that a party is a Party to this Order—entitles or is intended to entitle any Party or non-Party to any Discovery Material for any purpose. Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality, the designation of Designated Material, or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice.

17.    <u>Unauthorized Disclosure Of Designated Material</u>: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to

receive such Designated Material, the Receiving Party shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.

18. <u>Manner Of Objecting To Designated Material:</u> If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Person in writing, and then confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order. If within ten business days after receipt of an objection in writing (or three calendar days prior to any proceeding where the Discovery Material whose designations are disputed may be used), the Producing Party does not agree to change the designation of the Discovery Material, the Producing Person may, within ten (10) business days following the ten day period in the preceding sentence, seek the Court's determination of disputed confidentiality designation issue in accordance with Rule 2(C) of this Court's Individual Rules and Practices in Civil Cases. If the Producing Person does not seek the Court's determination of disputed confidentiality designation issue within such ten (10) business day period, the Designated Material shall no longer be treated as Confidential or Highly Confidential Material (as applicable). Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation.

19.     <u>Timing Of Objections To Designated Material:</u> A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Party to challenge the designation by a Producing Person of Discovery Material as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to such designation at trial.

20.     <u>Inadvertent Production Of Privileged Discovery Material:</u> Pursuant to Federal Rule of Evidence 502(d), the production and disclosure of Discovery Material subject to the attorney-client privilege, work product doctrine, or other privilege or protection from production shall not constitute a waiver of the privilege in this case or in any other proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Inadvertent production of any Discovery Material which a Party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("<u>Inadvertently Produced Privileged Information</u>"), will not by itself constitute a waiver of any applicable privilege. Within a reasonable period of time after a Producing Person discovers (or upon receipt of notice from another Party or non-Party) that it has produced Inadvertently Produced Privileged Information, the Producing Person shall request the return of such Inadvertently Produced Privileged Information by identifying in writing the Discovery Material inadvertently produced and the basis for withholding such Discovery Material from production. If a Producing Person requests the return of Inadvertently Produced Privileged Information pursuant to this paragraph, the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Discovery Material (and copies thereof) and shall take all commercially reasonable steps to sequester or

destroy any work product that incorporates the Inadvertently Produced Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Person of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Person's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, the Party asserting the privilege claim may, within ten (10) business days following the ten day period in the preceding sentence, seek a determination from the Court whether the privilege applies. Other than in connection with seeking a determination by the Court, the Receiving Party may not use the Inadvertently Produced Privileged Information for any purpose until the dispute is resolved. If a Receiving Party becomes aware during the review of any material that is likely to be privileged or subject to other protection, the Receiving Party shall within a reasonable period of time notify the Producing Person and sequester the material until the Producing Person has had a reasonable opportunity to respond.

21. <u>Obligations Following Conclusion Of The Action:</u> Within ninety (90) days of the termination of the Action, including all appeals as to all Parties, all Parties and non-Parties shall, upon the request of the Producing Person, take all commercially reasonable steps to return to counsel for the respective Producing Person, or to destroy, all Discovery Material, and all copies or notes thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Discovery Material that is auto-archived or otherwise "backed up" on electronic document management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; <u>provided</u> that such retained documents will continue to be treated as provided in this Order. Notwithstanding anything in this paragraph, to the extent that

the information in the Discovery Material remains confidential, the terms of this Order shall remain binding.

22. <u>Continuing Applicability Of Order:</u> This Order will survive the termination of the Action and will continue to be binding upon all persons subject to this Order to whom Discovery Material is produced or disclosed. The termination of the Action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order.

23. <u>Amendment Of Confidentiality Agreement And Stipulated Protective Order:</u> Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time. The Parties may also agree by written stipulation to amend the provisions of this Order, subject to Court approval, and shall abide by the terms of the proposed amendment unless and until the Court orders otherwise.

24. <u>Disclosure Of Discovery Material In Other Proceedings:</u> Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand or request seeking the disclosure of a Producing Person's Discovery Material: (i) shall promptly notify the Producing Person (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

25. <u>Enforcement:</u> The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

26. <u>Retention of Jurisdiction:</u> This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof, including after the termination of the Action.

Dated: August 12, 2024     /s/ Michael A. Glick

Michael A. Glick
Tracie L. Bryant (pro hac vice)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 879-5000
(202) 879-5200
michael.glick@kirkland.com
tracie.bryant@kirkland.com

*Counsel to Abbott Laboratories*

Dated: August 12, 2024     /s/ James R. Denlea

**DENLEA & CARTON LLP**
James R. Denlea
Jeffrey I. Carton
Craig M. Cepler
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Tel.:  (914) 331-0100
Fax:  (914) 331-0105
jdenlea@denleacarton.com
jcarton@denleacarton.com
ccepler@denleacarton.com

-and-

**KRAVIT SMITH LLP**
Philip M. Smith
75 South Broadway, Suite 400
White Plains, New York 10601
Tel.:  (646) 493-8004
Fax:  (917) 858-7101
psmith@kravitsmithllp.com

*Counsel to Plaintiff*

GRANTED.
SO ORDERED:

August 13, 2024

DATE

*Paul A. Engelmayer*

THE HONORABLE PAUL A. ENGELMAYER

13

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOANNE NORIEGA, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>ABBOTT LABORATORIES,<br><br>     Defendant. | Case No.: 1:23-cv-04014 (PAE) |

### DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

  I, _____, declare under penalty of perjury (this "Declaration") that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I hereby certify that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order ("Order"). I further certify that I will not use Discovery Material for any purpose other than the Action, and I will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Order to receive Discovery Material. I agree to be bound by the terms and conditions of the Order.

5. I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.

Date: _____    Signature: _____