**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOANNE NORIEGA, on behalf of herself and all others similarly situated,

                Plaintiffs,

v.

ABBOTT LABORATORIES,

                Defendant.

Case No.: 1:23-cv-04014-PAE

[~~PROPOSED~~] AMENDED CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDERS

    This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties (~~consent~~) (do not consent) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [Circle one.] The parties are free to withhold consent without adverse substantive consequences.

2.     This case (is) (~~is not~~) to be tried to a jury.

3.     Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. The original Case Management Plan provided that the deadline to move to amend or join additional parties was April 15, 2024.

4.     Initial disclosures were timely exchanged by the parties.

5.     The parties participated in a mediation before retired Justice Joseph DiBlasi. The mediation was not successful and the parties reported that to the Court on June 14, 2024. Formal fact discovery was commenced as of that date and shall be completed no later than May 14, 2025.

6.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. Requests to Admit are to be served at least 30 days prior to the completion of fact discovery.

7.     a.     All expert discovery shall be completed no later than August 14, 2025.

       b.     No later than April 14, 2025, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.     All motions and applications shall be governed by the Court's Individual Rules and

Practices, including the requirement of a pre-motion conference before a motion for summary judgment is filed.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within 14 days following the close of expert discovery.

10. Not later than thirty days before the end of expert discovery, the parties shall submit a joint letter to the Court concerning the status of remaining discovery.

11. Within 14 days after the close of expert discovery, the parties shall submit pre-motion letters, not to exceed five pages, addressing any contemplated motion for class certification or any contemplated motion for summary judgment. The non-moving party shall have seven days to submit a letter, not to exceed five pages, responding to the pre-motion letter(s). The Court will thereafter endeavor to hold a conference seven days after the submission of the responsive letter(s), at which conference it will set briefing schedules for any such motions.

12. The Court will set a deadline for the Final Pretrial Order following the resolution of all relevant motions, including the motion(s) made following the joint letter filed pursuant to paragraph 11. By the Final Pretrial Order date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed after the close of discovery on or before the Final Pretrial Order date. If this action is to be tried before a jury, proposed *voir dire*, jury instructions and verdict form shall also be filed on or before the Final Pretrial Order date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Order date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A). If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on or before the Final Pretrial Order date.

13. Counsel for the parties have conferred and their present best estimate of the length of trial is five (5) days.

14. At this time, the parties are not seeking exceptions to the default discovery rules in the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York. The Court has so-ordered the parties' protective order and ESI stipulation,

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

15.  [Other]

16.  The next Case Management Conference will is scheduled for September 16, 2025, at 2:30 p.m. The conference will be held **telephonically**. The parties should call into the Court's dedicated conference line at **(855) 244-8681, and enter Access Code 2318-315-0661**, followed by the pound (#) key.

      This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

                                                                                    *Paul A. Engelmayer*
                                                                         Paul A. Engelmayer
                                                                         United States District Judge

Dated:

          New York, New York
          November 27, 2024